IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DEBORAH DULATRE | ) CIVIL NO. 03-00653 DAE-KSC |
| | ) |
| Plaintiff, | ) REPORT OF SPECIAL MASTER |
| | ) RECOMMENDING THAT THE |
| vs. | ) PETITION FOR AWARD OF |
| | ) ATTORNEY FEE PURSUANT TO § |
| MICHAEL V. ASTRUE, | ) 206(b)(1) BE GRANTED |
| Commissioner, Social | ) |
| Security Administration | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

REPORT OF SPECIAL MASTER RECOMMENDING THAT
THE PETITION FOR AWARD OF ATTORNEY FEE
PURSUANT TO § 206(b)(1) BE GRANTED

On November 12, 2009, Petitioner Carl Varady

filed a Petition for Award of Attorney Fee Pursuant to

§ 206(b)(1) ("Petition").[1]  On November 20, 2009,

Defendant filed a Response.  Mr. Varady filed a

Supplemental Declaration on December 7, 2009, as

---

[1]  Ordinarily, the Court would require that a
statement of consultation be filed before it would
consider the merits of the motion.  Local Rule 54.3(b).
However, this type of case is unique in that the award
of attorneys' fees derives from a plaintiff's past-due
social security benefits, not from the opposing party.
As such, a consultation would be pointless.  Even
Defendant submits that it should not enter into
stipulations/agreements regarding the payment of 406(b)
fee requests.  Rather than taking a position on the
Petition, Defendant has provided guidance as to how the
Court might assess the request.

directed by the Court.[2]  Pursuant to Local Rule 7.2(d)
of the Local Rules of Practice of the United States
District Court for the District of Hawaii ("Local
Rules"), the Court finds this matter suitable for
disposition without a hearing.

After careful consideration of the Petition and
the supporting memorandum, the Court HEREBY FINDS and
RECOMMENDS that the district court GRANT the Petition
for the reasons set forth below.

BACKGROUND

On December 1, 2003, Plaintiff Deborah Dulatre
("Plaintiff") commenced this action for review of the
Commissioner's unfavorable decision.  On September 1,
2004, the parties stipulated to remand the case and the
Court ordered that the case be remanded to the agency
for further proceedings.  On September 8, 2004, the
Court entered judgment.

On November 29, 2004, Plaintiff filed an

---

[2]  Although the Declaration was filed shortly after
the noon deadline imposed by the Court, the Court
considers it timely filed based on the explanation
offered by Mr. Varady.

application for attorneys' fees under the Equal Access
to Justice Act ("EAJA").   On February 10, 2005, this
Court held a settlement conference regarding the
request for fees, and the parties settled in the amount
of $5,000.00.

On remand, the Administrative Law Judge issued
a favorable decision, awarding benefits from May 2000,
with past-due benefits totaling $56,479.00.   Pet., Ex.
A.

<u>DISCUSSION</u>

Mr. Varady petitions the Court for an award of
attorneys' fees in the amount of $14,119.75, which
represents 25% of the award of past-due benefits,
pursuant to 42 U.S.C. § 406(b), for services rendered
before this Court, offset by the previous $5,000.00
award of attorneys' fees under the EAJA.

Section 406(b)(1)(A) of Title 42 of the U.S.
Code provides:

> Whenever a court renders a judgment
> favorable to a claimant under this
> subchapter who was represented before the
> court by an attorney, the court may
> determine and allow as part of its
> judgment a reasonable fee for such

3

representation, not in excess of 25
percent of the total of the past-due
benefits to which the claimant is entitled
by reason of such judgment, and the
Commissioner of Social Security may,
notwithstanding the provisions of section
405(i) of this title, but subject to
subsection (d) of this section, certify
the amount of such fee for payment to such
attorney out of, and not in addition to,
the amount of such past-due benefits. In
case of any such judgment, no other fee
may be payable or certified for payment
for such representation except as provided
in this paragraph.

42 U.S.C. § 406(b)(1)(A).  Section "406(b) calls for

court review of [contingent-fee] arrangements as an

independent check, to assure that they yield reasonable

results in particular cases."  Gisbrecht v. Barnhart,

535 U.S. 789, 807 (2002).  An agreement that exceeds

the "25 percent of the total of the past-due benefits"

limitation is unenforceable.  Id.  The attorney for the

successful party is required to show that the requested

fee is reasonable for the services rendered.  Id.

Factors to be considered in determining reasonableness

include the attorney's risk of loss, the character and

result of representation, whether delays are

attributable to the attorney, and the attorney's hours

4

spent representing the client coupled with the attorney's normal hourly billing rate in the context of non-contingent cases.  Id. at 805, 808.

In the present case, the Court may authorize an award of fees under § 406(b) because the district court remanded the case for further proceedings and Plaintiff received past-due benefits as a result.  See, e.g., McGraw v. Barnhart, 450 F.3d 493, 503 (10th Cir. 2006); Smith v. Bowen, 815 F.2d 1152, 1155 (7th Cir. 1987) (en banc); Conner v. Gardner, 381 F.2d 497, 500 (4th Cir. 1967).  As such, the Court's analysis will focus on the reasonableness of the contingent-fee agreement with necessary adjustments made to the "attorney's recovery based on the character of the representation and the results the representative achieved."  Gisbrecht, 535 U.S. at 808.

A.  Contingent-Fee Agreement

On November 18, 2003, Plaintiff entered into a contingent-fee agreement with Mr. Varady, which provides in pertinent part that representation would not cost Plaintiff more than 25% of the past due

5

benefits.  Pet., Ex. B.  The plain language of this
agreement conforms to the requirement articulated in
§ 406(b)(1)(A) that the fees collected by Mr. Varady
not exceed 25% of the past-due benefits awarded to
Plaintiff.  Accordingly, on its face, the agreement is
reasonable.  The Court must nevertheless conduct an
inquiry into whether the requested fees are reasonable.

B.   Reasonableness of the Fee Award

        The administrative decision on remand resulted
in an award of $56,479.00 in past-due benefits.  Mr.
Varady requests $14,119.75 for his services in this
action, to be offset by the $5,000.00 in EAJA fees
previously awarded.

        As an initial matter, the Court notes that fees
awarded under both the EAJA and 42 U.S.C. § 406(b) do
not constitute double recovery.  Russell v. Sullivan,
930 F.2d 1443, 1446 (9th Cir. 1991), abrogated on other
grounds by Sorenson v. Mink, 239 F.3d 1140 (9th Cir.
2001).  This is because "[t]he award under § 406(b) of
the Social Security Act merely allows the claimant's
attorney to collect his or her fee out of the

claimant's past-due disability benefits, while the EAJA
award is paid by the government to the claimant to
defray the cost of legal services." Id. (citation
omitted).  Consequently, dual fee awards are proper as
long as Mr. Varady gives the smaller of the two awards
to Plaintiff to compensate her for her litigation
costs.  Id.; Gisbrecht, 535 U.S. at 796 ("[A]n EAJA
award offsets an award under Section 406(b), so that
the [amount of the total past-due benefits the claimant
actually receives] will be increased by the ... EAJA
award up to the point the claimant receives 100 percent
of the past-due benefits." (alteration in original)).
In the present case, Mr. Varady properly seeks to
offset the § 406(b) fee request with the EAJA award.

     The Court shall now assess the reasonableness
factors to determine whether an award of $14,119.75 is
proper.

     1.  <u>Attorney's Risk of Loss</u>

     Mr. Varady assumed the risk of non-payment by
taking on this contingency case.  As a general
principle, social security claimants "prevail only

7

about thirty-five percent of the time." <u>Davis v.
Astrue</u>, 533 F. Supp. 2d 1212, 1219 (M.D. Fla. 2007)
(citing Social Security Advisory Board, Disability
Decision Making: Data and Materials (January 2001), at
86, available at <http://www.ssab.gov/Publications/
Disability/chartbook B-pdf>); <u>Faircloth v. Barnhart</u>,
398 F. Supp. 2d 1169, 1173 (D.N.M. 2005) ("A report
from the Social Security Advisory Board reveals that a
mere 35% of claimants who file at the United States
District Court level will obtain benefits.").  Although
it does not appear, and Mr. Varady does not argue, that
this case was particularly complicated or unwinnable,
Mr. Varady nevertheless assumed some risk of loss by
accepting the case on a contingency basis.

    2.  <u>Character and Result of the Representation</u>

       It appears, based on the remand and the award
of past-due benefits, that Mr. Varady more than
adequately represented Plaintiff and procured a
favorable outcome.  But for Mr. Varady's
representation, Plaintiff might not have ultimately
secured the $56,479.00 in past-due benefits awarded on

remand.  In light of Plaintiff's successful outcome, there is no basis for reducing the fee requested herein for inadequate representation.  But see Gisbrecht, 535 U.S. at 808 (citing Lewis v. Sec'y of Health and Human Servs., 707 F.2d 246, 249-50 (6th Cir. 1983) (instructing reduced fee when representation is substandard)).

3.  Delays Attributable to the Attorney

Delays caused by counsel warrant a reduction in fees "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court."  Id.  There is an absence of evidence to suggest that Mr. Varady has contributed to or caused any delays that might have occurred in this case. Therefore, the Court declines to recommend any reductions to the fee requested based on delay.

4.  Hours Expended and Attorney's Normal Billing Rate

While the Court acknowledges that Gisbrecht rejected the lodestar method of calculating attorneys' fees in the context of § 406(b), the Gisbrecht Court specifically instructed that in order to aid courts in

9

assessing the reasonableness of the fee yielded by the fee agreement, "the court may require the claimant's attorney to submit . . . a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases."  Id.  Mr. Varady has provided such information for the Court's consideration.

Mr. Varady represents that the $5,000.00 EAJA fee award covered 65.40 hours of legal service.  When divided by the hours reasonably expended, the amount requested by way of this Petition ($14,119.75) results in an effective hourly rate of $215.90.  This falls within the range of effective hourly rates awarded by other courts and the Court cannot say that such an award would result in a windfall to Mr. Varady.  See, e.g., Hearn v. Barnhart, 262 F. Supp. 2d 1033 (N.D. Cal. 2003) (approving a de facto hourly rate of $450); Yarnevic v. Apfel, 359 F. Supp. 2d 1363, 1365-66 (N.D. Ga. 2005) (approving effective hourly rate of $643); Claypool v. Barnhart, 294 F. Supp. 2d 829, 833-34 (S.D. W. Va. 2003) (approving effective hourly rate of

$1,433); <u>Brown v. Barnhart</u>, 270 F. Supp. 2d 769, 772-73

(W.D. Va. 2003) (approving effective hourly rate of

$977); <u>Martin v. Barnhart</u>, 225 F. Supp. 2d 704 (W.D.

Va. 2002) (approving effective rate of $605); <u>Coppett</u>

<u>v. Barnhart</u>, 242 F. Supp. 2d 1380, 1385 (S.D. Ga. 2002)

(approving effective hourly rate of $350.49).

Mr. Varady is regularly awarded an hourly rate

of $275.00 in this district court.  If the fees were

calculated using a lodestar approach, this would result

in an award of approximately $17,985.00.[3]  However, this

would not take into account the risk of loss inherent

in a contingent-fee agreement.  "Congress has indicated

the permissibility, within limits, of rewarding

attorneys for assuming the risk of going uncompensated

for representing Social Security claimants."  <u>Hearn</u>,

262 F. Supp. 2d at 1037 (quoting <u>Dodson v. Comm'r of</u>

---

[3]  This amount would be lower if the Court
calculated fees according to a <u>Hensley</u> lodestar
analysis because it would take into account the lower
hourly rates to be applied to the hours expended by
other attorneys and/or paralegals who also worked on
this case.  However, for the purposes of this Report,
it is unnecessary to go through this full analysis to
come up with an actual total.

Soc. Sec., 2002 WL 31927589, *2 (W.D. Va. 2002)).  In
fact, as demonstrated by the cases cited above, courts
regularly approve high effective rates resulting from
contingency agreements that exceed non-contingent
rates, and in some instances significantly so.  To
compensate for the attorney's "risk of loss, Social
Security attorneys need to charge a winning client 2.7
times the fee the attorney would have charged on a
non-contingent basis (which the attorney is prohibited
from doing under Title 42, U.S.C. § 406(b)(2))."
Davis, 533 F. Supp. 2d at 1219.  Here, that would
result in an hourly rate of $742.50.  An effective
hourly rate of $215.90 is well below both the
multiplied non-contingent rate and Mr. Varady's
currently awarded hourly rate, and justified in light
of the risk of loss assumed by Mr. Varady as well as
his effective representation.

      5.   Total Benefits

          Finally, the Court notes that an additional
factor militates in favor of the requested award of
fees.  Plaintiff will apparently receive an additional

12

$129,168.00 in benefits from November 2008 until she reaches age 67, which means that Mr. Varady's representation will result in a lifetime benefit to Plaintiff of $185,647.00 plus Medicare and full retirement benefits.  <u>Hearn</u>, 262 F. Supp. 2d at 1037 (taking into consideration the fact that the value of the case to the plaintiff was substantially more than the past-due benefits upon which the fee request was based because he would receive, in addition to the past-due benefits, ongoing Title II benefits until he died, reached retirement age, or became no longer disabled).

Based on these and the foregoing factors, the Court finds that the award requested is manifestly reasonable.

C.   <u>Total Award</u>

The Court finds and recommends that Mr. Varady be awarded $14,119.75.  From this award, he shall pay Plaintiff $5,000.00 for the EAJA fees previously awarded, and end up with a net fee award of $9,119.75.

<u>CONCLUSION</u>

In accordance with the foregoing, the Court HEREBY FINDS and RECOMMENDS that the district court GRANT Mr. Varady's Petition for Attorney Fee Pursuant to § 206(b)(1), filed November 12, 2009, and 1) award Mr. Varady $14,119.75 and 2) order Mr. Vardy to reimburse Plaintiff $5,000.00 for the EAJA fees previously awarded.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawaii, December 8, 2009.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV NO. 03-00653 DAE-KSC; <u>DULATRE V. ASTRUE</u>; REPORT OF SPECIAL MASTER RECOMMENDING THAT THE PETITION FOR AWARD OF ATTORNEY FEE PURSUANT TO § 206(b)(1) BE GRANTED